UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DALE FENWICK,

    Petitioner,                                      Case Number 10-11847-BC
                                                       Honorable Thomas L. Ludington

v.

THOMAS BELL,

    Respondent,
_____/

## ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Dale Fenwick, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted on his plea of guilty in the Clinton County Circuit Court of two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(A); and being a second habitual offender, Mich. Comp. Laws § 769.10. Petitioner was sentenced to 11 years and 10 months to 22 years and 6 months in prison. Petitioner contends that the trial court used inaccurate information in scoring his sentencing guidelines range under the Michigan Sentencing Guidelines and that his trial counsel was ineffective for not objecting to the improperly scored guidelines range. For the reasons stated below, the petition will be denied.

I

Petitioner pleaded guilty to the above charges in the Clinton County Circuit Court. On September 25, 2006, Petitioner was sentenced. The trial court calculated Petitioner's minimum sentencing guidelines range to be 62 to 142months. Petitioner's sentence of 11 years and 10 months

to 22 years and 6 months in prison is within this range.[1]

Petitioner did not file a direct appeal from his conviction and sentence. Instead, Petitioner filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500, et. seq., which the trial court denied. *People v. Fenwick*, No. 06-7999-FC (Clinton County Cir. Ct. Apr. 2, 2009). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Fenwick*, No. 291674 (Mich. Ct. App. Sept. 10, 2009), leave denied, 779 N.W. 2d 818 (table) (Mich. 2010).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. The trial court abused its discretion in denying the motion for relief from judgment because the petitioner's constitutional right to due process was infringed when the information relied upon was inaccurate in determining his sentence under the statutory sentencing guidelines range; the petitioner's trial counsel was ineffective for failing to object to the inaccurate information at sentencing.

II. The petitioner can show "cause" for failing to raise these issues on appeal, MCR 6.508, and "prejudice" is shown because he has been sentenced to a longer sentence than is permitted under properly scored guidelines.

II

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

---

[1] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 666 N.W. 2d 231, 236 n.7 (Mich. 2003)(citing Mich. Comp. Laws § 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool*, 684 N.W. 2d 278, 286 n.14 (Mich. 2004)(citing Mich. Comp. Laws § 769.8).

was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).

A federal district must promptly undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that a district court has the duty to "screen out" petitions that lack merit on their face).

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit long ago indicated that they "disapprove the practice of issuing a show

cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen*, 424 F.3d at 140. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

III

As a preliminary matter, Petitioner asserts that he can show cause and prejudice, as required by Michigan Court Rule. 6.508(D), to excuse his failure for raising his substantive claims on his direct appeal. A procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). In addition, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In light of the fact that Petitioner's substantive claims are non-cognizable or without merit, it is unnecessary for the Court to determine whether Petitioner's claims are procedurally defaulted.

After undertaking the review required by Rule 4, this Court concludes that Petitioner's sentencing claim does not entitle him to habeas relief, and that the petition must be summarily denied. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). Likewise Petitioner's related ineffective assistance of counsel claim is meritless, and the petition must be summarily denied. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993)(affirming the summary

dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

A

First, Petitioner claims that the trial court incorrectly scored fifty points under Offense Variable (OV) 11. Under the Michigan Sentencing Guidelines, OV 11 should be scored at fifty points if there are two or more sexual penetrations. Petitioner claims that OV 11 should have been scored at zero points, because he denies that any sexual penetration took place in this case. Petitioner further contends that in denying his sentencing guidelines claim in his motion for relief from judgment, the trial court erroneously determined that he could have been assessed twenty five points under OV 13, thereby leaving the sentencing guidelines range the same even if OV 11 had been properly scored. Petitioner contends that if the sentencing guidelines had been properly scored, his guidelines would have been 43 to 107 months.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Petitioner's claim that the state trial court improperly departed above the sentencing

guidelines range would thus not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *Drew v. Tessmer*, 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.* Petitioner is not entitled to habeas relief on this claim.

B

Next, Petitioner contends that his trial counsel was ineffective for failing to object to the improper scoring of OV 11. In *Strickland v. Washington*, 466 U.S. at 668 (1984), the Supreme Court established a two-pronged test for determination of whether a criminal defendant has received ineffective assistance of counsel. First, the convicted person must prove that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the convict must show that counsel's deficient performance prejudiced him. Prejudice is established by a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

Although the Supreme Court has never expressly extended *Strickland* to legal representation at noncapital sentencing hearings, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. *See United States v. Stevens*, 851 F.2d 140, 145 (6th Cir. 1988). However, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of decisions arrived at by other courts in determining whether the state court decision is contrary

to, or an unreasonable application of, clearly established federal law. *Miller v. Straub*, 299 F.3d 570, 578-579 (6th Cir. 2002). The Ninth Circuit has noted that "when the Supreme Court established the test for ineffective assistance of counsel claims in *Strickland*, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance.'" *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 686). Because the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases, so as to provide petitioner with a basis for habeas relief on his claim. *Id.*, *see also Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006).

Even assuming that *Strickland* applies to noncapital sentencings, Petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of these sentencing guidelines variables. This is because Petitioner has not established that his sentence would have been different had counsel objected to the scoring of this variable. Petitioner raised his sentencing guidelines claim before the trial court and the Michigan appellate courts in his post-conviction motion for relief from judgment. The trial court, in rejecting Petitioner's claim, noted that even if OV 11 had been incorrectly scored, Petitioner could have received at least twenty five points, and perhaps as much as fifty points, under OV 13, which would have left Petitioner with the same sentencing guidelines range. The Michigan Court of Appeals and the Michigan Supreme Court subsequently denied Petitioner leave to appeal. As noted by the Eleventh Circuit, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal

court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall*, 586 F.3d 1289, 1340 (11th Cir. 2009).

Petitioner was not prejudiced by counsel's failure to object to the allegedly incorrect scoring of this variable under the sentencing guidelines because his sentencing guidelines range would not have changed even if OV 11 had been properly scored. *See United States v. Pomales*, 268 F. App'x 419, 423-24 (6th Cir. 2008). In addition, in light of the fact that the Michigan trial and appellate courts rejected Petitioner's sentencing guidelines claim when they denied Petitioner post-conviction application, Petitioner cannot show that he was prejudiced by counsel's failure to object to the scoring of the sentencing guidelines. *See Myers v. Ludwick*, No. 09-14610m 2009 WL 4581693, at *3 (E.D. Mich. Dec. 3, 2009); *Smit v. Connerly,* No. 07-14622, 2009 WL 275679, at *4 (E.D. Mich. Feb. 5, 2009). If "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines because he has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence. *See Spencer v. Booker*, 254 F. App'x 520, 525-26 (6th Cir. 2007).

IV

Petitioner will be denied a writ of habeas corpus. Petitioner will also be denied a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet this standard, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition

should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner will be denied a certificate of appealability because he has not made a substantial showing of the denial of a federal constitutional right. Petitioner will also be denied leave to appeal in forma pauperis, because the appeal would be frivolous.

Accordingly, it is **ORDERED** that Petitioner's application for a writ of habeas corpus [Dkt. # 1] is **DENIED**.

It is further **ORDERED** that Petitioner is **DENIED** a certificate of appealability, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: October 1, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 1, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---